IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 7 |
| DAVID EDWARD PEROTTI and | * | |
| JUSTINE LEE PEROTTI, | * | |
| Debtors | * | |
| | * | |
| EDWARD PEROTTI, | * | CASE NO. 1:07-bk-01889MDF |
| Plaintiff | * | |
| | * | |
| vs. | * | ADV. NO. 1:07-ap-00144 |
| | * | |
| DAVID EDWARD PEROTTI and | * | |
| JUSTINE LEE PEROTTI, and | * | |
| LAWRENCE FRANK, Trustee, | * | |
| Defendants | * | |

## OPINION ON REQUEST FOR ADDITIONAL FINDINGS

On August 27, 2008, I issued an Opinion (the "August Opinion") in the above-captioned adversary in which I found that Debtor David Perotti ("David") held a remainder interest in certain real estate (the "Property") subject to a life estate in favor of Edward Perotti ("Plaintiff").

On September 5, 2008, Plaintiff filed the Motion now before me requesting that, pursuant to Fed. R. Bank. P. 7052(b), I make additional findings in this case and amend the judgment to find that David holds the remainder interest in the Property in constructive trust for Plaintiff's benefit. Plaintiff argues that if a constructive trust is not imposed, Debtors will be unjustly enriched because David will enjoy the growing equity in his remainder interest in the Property, while saddling Plaintiff with the mortgage payments.

Rule 7052(b) states that "[o]n a party's motion filed no later than 10 days after the entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59

1

[7059]." Thus, a bankruptcy judge may alter or amend factual findings without granting a new trial if the changes are warranted. *See, e.g., U.S. Gypsum Co. v. Schiavo Bros., Inc.,* 668 F.2d 172, 180 n. 9 (3d Cir.1981). The record must support the requested changes to the findings, otherwise the motion must be denied. *Id.* Whether to amend findings of fact or conclusions of law under Rule 52(b) is within the discretion of the trial court. *See Dash v. Chicago Insurance Co.,* 2004 WL 2337021, at *1 (D. Mass.2004). Generally, a motion to amend a court's findings of fact must be based on a "manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." *In re Novak,* 223 B.R. 363, 371 (Bankr. M.D. Fla.1997) (quoting *Ramos v. Boehringer Manheim Corp.,* 896 F.Supp. 1213, 1214 (S.D. Fla.1994)). In addition to cases in which there has been a manifest error of law or mistake of fact, relief under Rule 52(b) may be granted on the basis of newly discovered evidence or when the court needs to clarify the record for appeal. *Dow Chem. Co. v. United States,* 278 F. Supp.2d 844, 847 (E.D. Mich. 2003); *see also Nat'l Metal Finishing Co., Inc. v. Barclays/American/Commercial, Inc.,* 899 F.2d 119, 123 (1st Cir.1990); *In re Smith Corona Corp.,* 212 B.R. 59, 60 (Bankr. D. Del.1997).

In his Rule 7052(b) Motion, Plaintiff requests the Court impose a constructive trust in favor of Plaintiff on the entire property interest and require Debtors and the chapter 7 trustee to reconvey title to Plaintiff. In the August Opinion I declined to impose a constructive trust because I determined that Plaintiff intended to convey the Property to David subject to a life estate and, therefore, David held the property subject to a resulting trust. Because I did not make findings of fact germane to the issue of whether a constructive trust should be imposed, it is appropriate for me to review the record to determine whether I should make additional factual

findings or grant alternative relief based upon Plaintiff's assertion that the relief granted fails to adequately address the extent to which Debtors' have been enriched.

The Factual Findings and Discussion of my August Opinion are adopted herein by reference.[1]

## Discussion

"A constructive trust arises when a person holding title to property is subject to an equitable duty to convey it to another on the ground he would be unjustly enriched if he were permitted to retain it." *Nagle v. Nagle*, 799 A.2d 812, 819 (Pa.Super. 2002) (citing *Yohe v. Yohe*, 466 Pa. 405, 353 A.2d 417 (1976)); *Denny v. Cavalieri,* 297 Pa.Super. 129, 443 A.2d 333 (1982). As Justice Cardozo has observed:

> A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee.

*Beatty v. Guggenheim Exploration Co.* 225 N.Y. 380, 386, 122 N.E. 378, 380 (1919) *cited in Buchanan v. Brentwood Federal Sav. & Loan Ass'n*, 457 Pa. 135, 152, 320 A.2d 117, 127 (1974). The presence of fraud may be sufficient for a court to determine that the imposition of a constructive trust is appropriate, but it is not required. *Buchanan*, 457 Pa. at 151, 320 A.2d at 126 fn. 15. "The *controlling* factor in determining whether a constructive trust should be imposed is whether it is necessary to prevent unjust enrichment." *Nagle,* 799 A.2d at 819 (citing *Roberson v. Davis,* 397 Pa. Super. 292, 580 A.2d 39 (1990) (italics added)). A constructive trust may be

---

[1] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A), (I) and (O). This Opinion constitutes the findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052.

applied even when the acquisition of property was not wrongful. *Gee v. Eberle*, 279 Pa. Super. 101, 112, 420 A.2d 1050, 1056 (1980) (citing *Kimball v. Barr Township*, 249 Pa. Super. 420, 425, 378 A.2d 366, 368 (1977), *Roman Mosaic and Tile Co., Inc. v. Vollrath,* 226 Pa.Super. 215, 218, 313 A.2d 305, 307 (1973), *Restatement of Restitution*, §§ 160, 194 (1937)). *Buchanan*, 457 Pa. at 151, 320 A.2d at 126. The most significant consideration is whether the enrichment of the defendant is unjust. *Stoeckinger v. Presidential Financial Corp. of Delaware Valley*, 948 A.2d 828, 833 (Pa. Super. 2008).

Despite the expansive powers of equity to impose a constructive trust to prevent unjust enrichment, there are limitations. "The doctrine of unjust enrichment is clearly 'inapplicable when the relationship between the parties is founded on a written agreement or express contract.'" *Gee*, 279 Pa. Super. at 119, 420 A.2d at 1060 (quoting *Roman Mosaic,* 226 Pa. Super. at 218, 313 A.2d at 307 (1973) (citations omitted)). *See also Benefit Trust Life Ins. Co. v. Union National Bank of Pittsburgh*, 776 F.2d 1174 (3d Cir. 1985). In these situations, the injured parties have a remedy at law. *Wingert v. T.W. Phillips Gas & Oil Co.,* 398 Pa. 100, 109 157 A.2d 92, 96 (1959). If a contract is unenforceable, however, then a constructive trust may be invoked to prevent unjust enrichment. *Id.*

In the August Opinion I found that Plaintiff and Debtors entered into a series of transactions in which Plaintiff borrowed funds secured by the Property and shared the proceeds with Debtors. Based upon these oral agreements, Plaintiff and Debtors would assume responsibility for the repayment of their respective "shares" of each loan repayment. Therefore, through a series of transactions between January 1996 and April 2003, Plaintiff, in effect, extended loans to Debtors, which he obtained by refinancing his real estate or by borrowing

4

against other collateral. Debtors then repaid the loans upon the terms agreed to by the parties. Each new refinancing constituted a novation of the prior contract.[2]

As of the date of the hearing in this case, the mortgage on the Property had been assigned to General Motors Acceptance Corporation ("GMAC"). Commencing April 2003, Debtors were contractually obligated to pay Plaintiff $410.00 per month as their share of the mortgage payment as calculated by Debtors, which they dutifully paid for more than three years. In October 2006, Debtors and Plaintiff made the final modification to the loan repayment agreement (the "October Agreement"). Under the October Agreement, Plaintiff would satisfy his share of the balance on the GMAC mortgage, as calculated by Debtors, but would allow the mortgage to remain in his name, thus enabling Debtors to retain its favorable interest rate. In consideration of this agreement, Debtors agreed to make the monthly payments to GMAC until the obligation was paid in full. In January 2007, however, Debtors ceased making the mortgage payments in breach of the parties' agreement. These breaches continued after Debtors filed their bankruptcy petition on June 21, 2007. Because Debtors failed to make the mortgage payments, Plaintiff has been forced to pay Debtors' share of the obligation to protect his interest in the Property.[3] On this

---

[2] "The doctrine of novation, or substituted contract, applies where: (i) a prior contract has been displaced, (ii) a new valid contract has been substituted in its place, (iii) there exists sufficient legal consideration for the new contract, and (iv) the parties consented to the extinction of the old and replacement of the new. . . . [W]hether a contract has the effect of a novation primarily depends upon the parties' intent." *First Lehigh Bank v. Haviland Grille, Inc.,* 704 A.2d 135, 138 -139 (Pa. Super. 1997) (citations and internal quotations omitted).

[3] Plaintiff must to continue to make the mortgage payments secured by the Property in order to protect his life estate. These payments will increase the equity in the Property, which will inure to the benefit of David under the terms of the consulting trust. Even if the chapter 7 trustee is able to sell the remainder interest in the Property to pay Debtors' unsecured creditors, rather than permitting David to retain the property, the trustee effectively will have forced Plaintiff to fund these distributions through Plaintiff's mortgage payments to GMAC.

5

basis alone I find that the imposition of a constructive trust is appropriate.[4] However, Debtors' failure to notify Plaintiff of the filing of their prior bankruptcy case also supports the imposition of a constructive trust.

At the time Debtors filed their first bankruptcy petition in 2001, they were indebted to Plaintiff, but did not list him as a creditor or provide him with notice of the bankruptcy filing. Plaintiff testified that he was unaware of the bankruptcy filing until he filed suit against Debtors in state court in May 2007. Clearly, Debtors had a duty to provide notice to Plaintiff that he was a creditor of their estate. Plaintiff's daughter, Brenda Foreman, testified that although she knew her brother and sister-in-law had filed for bankruptcy, at David's request she did not inform her father.

I find the testimony of Plaintiff and of Ms. Foreman to be credible on this point, and I further find credible Plaintiff's statement that he would not have deeded the Property to David had he known Debtors had filed for bankruptcy five years earlier. Although this statement is self-serving, the transfer of the Property was based upon an assumption that Debtors would have the ability to continue to repay the loans secured by the Property. It is reasonable to conclude that

---

[4] The instant case is similar to one decided by the Court of Common Pleas of Cumberland County. In *Kidd v. Biscuit*, 2001 WL 34058297, 58 Pa. D. & C. 4th 305 (2001), the court imposed a constructive trust in favor of a mother who had transferred her residence to her son on the basis of an oral understanding that the property would be maintained by the son for the benefit of the mother's adopted and disabled child. The deed, drafted by the mother's attorney, reserved a life estate for her. She sought imposition of a constructive trust against her son's remainder after she learned, and he admitted, that he did not, in fact, intend to honor his oral agreement to care for the adopted child after the mother's demise. The court found that "[a] reconveyance of [the son's] interest to [the mother] is an appropriate remedy . . . to correct the inequity of a promise unkept . . . and to prevent unjust enrichment." Similarly, in this case, a reconveyance of David's remainder interest to Plaintiff is an appropriate remedy to correct the inequity of David's breach of his promise to pay the balance of the GMAC mortgage in full and to prevent him from being unjustly enriched by realizing the equity built by Plaintiff.

6

Plaintiff would have been less sanguine about transferring title to the Property to David outright if he had known that Debtors financial problems were so severe that they were forced to seek bankruptcy relief. Further, by concealing their bankruptcy filing, Debtors deceived Plaintiff regarding their creditworthiness and encouraged him to extend further loans secured by the Property.

      Given these circumstances, I find that Debtors have established the elements of "unjust enrichment" necessary to form the basis for a constructive trust. It would be unjust for Debtors and their estate to retain any interest in the property. I previously determined that Plaintiff intended to transfer a fee interest subject to a life estate and thus, imposed a resulting trust on the Property. However, having determined that Debtors' acceptance and retention of any of the benefits of the transfer would be unjust and inequitable, I will grant the relief requested and direct the chapter 7 trustee as the constructive trustee to convey the Property to Plaintiff.

By the Court,

*[Signature: Mary D. France]*
Bankruptcy Judge

Date: October 22, 2008

*This document is electronically signed and filed on the same date.*